UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMI NATURALITE,                                       No. 10-13564

        Plaintiff,                                   District Judge Mark A. Goldsmith

v.                                                              Magistrate Judge R. Steven Whalen

GREGORY FORNER, ET AL.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Jami Naturalite, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC") has filed a motion for temporary restraining order ("TRO") and preliminary injunction [Doc. #4], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be DENIED.

### I.  FACTS

In his complaint, the Plaintiff alleges a number of constitutional violations by a number of Defendants. Pertinent to his motion for TRO is his claim that Defendants MDOC, Correctional Medical Services ("CMS"), PHS, Inc., Stevenson and Nevai were deliberately indifferent to his medical needs, in violation of the Eighth Amendment. At ¶ 58 of the Complaint, the Plaintiff lists 9 specific medical conditions that have been inadequately treated, as well as a claim that his prescription have been changed without consulting him. In his motion for TRO, the Plaintiff requests the same injunctive relief pled in the complaint, specifically:

> "[P]laintiff asks this Honorable Court to issue injunctive relief ordering defendants MDOC, CARUSO, PHS INC.. And STIEVE to enter into an exclusive contract to put plaintiff's health care needs in the hands of a competent doctor within the University of Michigan Health Systems because it is clearly evident over the past several years that defendants MDOC and CARUSO have repeatedly failed to ensure that plaintiff's serious medical needs are adequately met, and PHS INC. and STIEVE have not done anything since assuming the role of providing health care to Michigan prisoners." Plaintiff's Motion, Doc. #4, ¶ 9.

### II.  STANDARD OF REVIEW

Generally, in determining whether to grant injunctive relief, a court must examine and weigh four factors: (1) whether the moving party has shown a strong likelihood of success on the merits;

(2) whether the moving party will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002); *McPherson v. Michigan High School Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (*en banc*). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Overstreet*, 305 F.3d at 573.

Notwithstanding this balancing approach, however, the likelihood of success and irreparable harm factors predominate. Thus, "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000); *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997) ("While, as a general matter, none of these four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed.").

Plaintiffs bear the burden of demonstrating their entitlement to a preliminary injunction, and their burden is a heavy one. "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet , supra,* at 573. "[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). Thus, plaintiffs may not merely point to genuine issues of material fact which exist, but must affirmatively demonstrate their entitlement to injunctive relief.

### III.   DISCUSSION

#### A.   Likelihood of Success

This motion, as well as the corresponding portion of the complaint, involves Plaintiff's allegations of deliberate indifference to his serious medical conditions. Under the Eighth and Fourteenth Amendments, prison officials may not act with deliberate indifference to the medical needs of their prisoners. *Estelle v. Gamble,* 429 U.S. 97, 103-104; 97 S.Ct. 285, 50 L.Ed.2d 251

(1976). A deliberate indifference claim has two components, one objective and the other subjective. *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Comstock v. McCrary,* 273 F.3d 693, 702 (6th Cir. 2001). Under the objective component, "the plaintiff must allege that the medical need at issue is 'sufficiently serious.'" *Id.* Under the subjective component, "the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id.*

Deliberate indifference to medical needs may be established by showing an interruption of a prescribed plan of treatment, or a delay in medical treatment. *Estelle v. Gamble, supra; Caldwell v. Moore*, 968 F.2d 595, 602 (6th Cir. 1992). However, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860, n.5 (6th cir. 1976). *See also Sanderfer v. Nichols*, 62 F.3d 151, 154 (6th Cir. 1999), citing *Estelle v. Gamble, supra*, 97 S.Ct. at 292 ("Deliberate indifference, however, does not include negligence in diagnosing a medical condition").

While the complaint in this case does allege some delays in recommended treatment, it shows that the Plaintiff was examined on a number of occasions, and did receive treatment, albeit not that which the Plaintiff wanted. The complaint also portrays a disagreement as to the appropriate mode of treatment, not only between the Plaintiff and Dr. Stevenson, but between Dr. Stevenson and Dr. Rawls. The Plaintiff alleges, for example, that Dr. Rawls recommended epidural steroid block injections to treat the back pain. *Complaint* ¶ 28, and in fact, he received an injection in June of 2008. *Id*. ¶ 35. About six months later, Plaintiff was seen by Dr. Stevenson. Plaintiff states that he "was not impressed" when seen by Dr. Stevenson. In any event, Dr. Stevenson treated the Plaintiff's chronic constipation with suppositories and magnesium citrate. *Id*. ¶¶ 40, 53. However, Dr. Stevenson apparently disagreed with Dr. Rawls' recommendation of epidural steroid block injections, and instead treated the Plaintiff's back pain with medication, specifically vitamin D-3 and Pamelor. *Id* ¶¶ 42, 51.

That the Plaintiff disagrees with the course of treatment offered by Dr. Stevenson, or that Drs. Stevenson and Rawls had different approaches to treating the Plaintiff's back pain, does not amount to deliberate indifference, and at most would raise a state tort law question of medical negligence. *Sanderfer v. Nichols, supra*. Thus, the Plaintiff has not demonstrated a strong likelihood of success on his Eighth Amendment claim.

### B.    Irreparable Harm

Again, this is not a case where the Plaintiff has received *no* medical treatment, and to the extent that he argues that PHS, INC, which has the present contract to provide inmate medical care, is inherently or institutionally deficient, he has stated no more than a personal disagreement with his doctors. He has not shown, beyond speculation, that he will be irreparably harmed if the Court does not order the MDOC to drop PHS and enter into a contract with the University of Michigan. Injunctive relief should not issue where the claimed irreparable damage is speculative or may never occur.  *Sharp v. Cureton*, 319 F.3d 259, 272 (6th Cir. 2003).

### C.    Harm to Others / Public Interest

These last two factors pertinent to injunctive relief may be viewed together. In this motion, as well as in his complaint, the Plaintiff asks that the MDOC be ordered to enter into an exclusive contract with the University of Michigan Health Services. The MDOC has an interest in promulgating and enforcing prison regulations, including reasonable rules involving prisoner health care, and in contracting with licensed medical providers. The public has an interest both in ensuring that prison inmates receive medical care, and also in having a well-regulated and operated prison system.  By granting the requested injunctive relief in this case, the Court would be in the untenable position of second-guessing and countermanding Defendant's medical and contractual decisions, as well as the MDOC's  legitimate prison policies.

Departments of Corrections are accorded considerable latitude in the administration of state prisons.  In *Jones v. North Carolina Prisoners' Labor Union*, 433 U.S. 119, 227, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977), the Supreme Court discussed the balancing of constitutional rights afforded prisoners against the deference that prison officials must be given in the efficient management of

prisons: "Because the realities of running a penal institution are complex and difficult, we have also recognized the wide-ranging deference to be accorded the decisions of prison administrators."

In conclusion, a balancing of the factors weighs substantially against the grant of a TRO or preliminary injunctive relief.

### IV.   CONCLUSION

I therefore recommend that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [Doc. #4] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: June 1, 2011

_____

**CERTIFICATE OF SERVICE**

I hereby certify on June 1, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on June 1, 2011: **Jami Naturalite.**

s/Michael E. Lang
Deputy Clerk to Magistrate Judge R. Steven Whalen
(313) 234-5217