UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMI NATURALITE,                                    No. 10-13564

              Plaintiff,                   District Judge Mark A. Goldsmith
v.                                                  Magistrate Judge R. Steven Whalen

GREGORY FORNER, ET AL.,

              Defendants.

_____/

## REPORT AND RECOMMENDATION

    Before the Court is Defendants Correctional Medical Services, Inc. and Vernon R. Stevenson, M.D.'s Motion to Dismiss Pursuant to 42 U.S.C. § 1997e(a) and Fed. R. Civ. P. 12(b)(6) [Dock. #35], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons and under the terms discussed below, I recommend that the Motion be GRANTED, dismissing unexhausted claims against both Defendants without prejudice, and dismissing the exhausted claims with prejudice.

## I.   BACKGROUND FACTS

    Plaintiff, an MDOC prisoner currently housed at the Mound Correctional Facility, filed suit on September 8, 2010 pursuant to 42 U.S.C. § 1983, alleging various constitutional violations by MDOC and MDOC staff; CMS and Dr. Vernon Stevenson; and CMS's successor, Prison Health Services ("PHS").

    The Eighth Amendment claims of deliberate indifference against CMS and Dr. Stevenson are summarized as follows.  Plaintiff alleges that in October, 2007, non-defendant Karl Nibblelink, a physician employed by CMS, informed her that she had a "broken back," advising the use of surgery and steroid injections to relieve her symptomology.[1]  *Complaint* at ¶¶23-24.  In January, 2008, Dr. Nibblelink referred Plaintiff to a neurosurgeon who performed an examination in March, 2008.  *Id.* at ¶¶26-28.  Non-defendant neurosurgeon Dr. Rawls allegedly recommended epidural

_____

[1]Plaintiff allegedly experiences a gender identity disorder ("GID").  The Complaint refers to Plaintiff using feminine pronouns.

steroid block injections. *Id.* at ¶28. Plaintiff alleges good results from a June, 2008 injection. *Id.* at ¶35.

Plaintiff states that in December, 2008 she was "not impressed" by her first appointment with Dr. Stevenson, a treating physician in the employ of CMS, who refused to approve her request for additional steroid injections. *Id.* at ¶38. Dr. Stevenson nonetheless prescribed suppositories for constipation. *Id.* at ¶40. On February 3, 2009, Dr. Stevenson again declined to approve Plaintiff's request for injections, but instead prescribed Vitamin D-3. *Id.* at ¶42. Plaintiff notes that later the same month, Defendant PHS assumed the role of providing medical care to MDOC prisoners. *Id.* at ¶43. The following month, Dr. Stevenson acknowledged in effect that he had approved a second consultation with Dr. Rawls only because Plaintiff had lodged a grievance against him. *Id.* at ¶48. Plaintiff alleges that while she did see Dr. Rawls on March 20, 2009, he did not administer an injection. *Id.* at ¶47.

In June, 2009, she claims that Dr. Stevenson again refused to approve her request for injections but instead "opted to prescribe" a generic form of Pamelor, a drug regularly used to treat depression. *Id.* at ¶51. She claims that Dr. Stevenson told her that while Pamelor was a depression drug, doctors had recently discovered that it could be used to treat other conditions. *Id.* Plaintiff alleges that the prescription for generic Pamelor amounts to a medical "experiment" which is prohibited by MDOC's policy directive. *Id.* at ¶52. She notes that Dr. Stevenson also gave her a prescription for constipation. *Id.* at ¶53. In August, 2009, Plaintiff again complained of constipation, as well as blood in her stool to which Dr. Stevenson replied that the cause of bloody stool could only be determined by undergoing a colonoscopy. *Id.* at ¶¶55-56. However, Dr. Stevenson declined to submit an approval for the procedure. *Id.* at ¶56. She claims further that in October, 2009, although Dr. Stevenson informed her that her migraines would require injections, he failed to complete the necessary paperwork for her to receive the recommended treatment. *Id.* 57. Plaintiff requests monetary damages against both Defendants.

-2-

## II.   STANDARD OF REVIEW

### A.   42 U.S.C. § 1997e(a)

A dismissal for failure of a prisoner to exhaust administrative remedies under 42 U.S.C. §1997e(a) is a dismissal without prejudice. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). In *Jones v. Bock,* 549 U.S. 199, 215, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007), the Supreme Court suggested, in dicta, that failure to exhaust might be a basis for dismissal under Rule 12(b)(6). However, in *Pointer v. Wilkinson*, 502 F.3d 369 (6th Cir. 2007), the Sixth Circuit found that a dismissal based on exhaustion may be distinct from a dismissal for failure to state a claim upon which relief may be granted.  *See also Snider v. Melindez,* 199 F.3d 108, 112 (2d Cir.1999) (concluding that failure to state a claim as used in § 1997e(c) and § 1915(g) does not include failure to exhaust administrative remedies).

Nevertheless, whether categorized as a 12(b)(6) motion, a rule 56 summary judgment motion, or otherwise, the underlying question in this motion is whether the Defendants have carried their burden of showing that the Plaintiff failed to exhaust his administrative remedies.  If they have, then the unexhausted claims must be dismissed without prejudice.

Under the Prison Litigation Reform Act (PLRA) of 1996, specifically 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983...by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought.  *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 984, 152 L.Ed.2d 12 (2002); *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001). Furthermore, "exhaustion" under the PLRA means "proper exhaustion."  *Woodford v. Ngo*, 548 U.S. 81, 92, 126 S.Ct. 2378, 2387,165 L.Ed.2d 368 (2006). In *Woodford*, the Supreme Court defined "proper exhaustion" as requiring "compliance with an agency's deadlines and other critical procedural rules...." *Id.*, 548 U.S. at 90, 126 S.Ct. at 2385.  Thus, whether a claim is "properly exhausted" under the PLRA requires an examination of the particular institution's administrative rules and regulations regarding prisoner grievances.

-3-

However, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock, supra*, 549 U.S. at 921, 127 S.Ct. at 216. Under *Jones*, it is Defendant's burden to assert non-exhaustion as an affirmative defense. *Id.*; *Grinter v. Knight,* 532 F.3d 567 (6th Cir.2008). *Jones v. Bock* overruled a long line of Sixth Circuit cases that placed the burden of pleading and supporting exhaustion on plaintiffs.

### B.  Failure to State a Claim under Fed. R. Civ. P. 12(b)(6).

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted."  In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In two recent cases, the United States Supreme Court altered the standard for determining whether a complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(6). In In *Bell Atlantic Corp. V. Twombley*, 550 U.S 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2),[2] held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, 550 U.S at 555, 127 S.Ct. at 1964-65 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 570, 1974.

In *Ashcroft v. Iqbal*, __U.S.__, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Court explained and expanded on what it termed the "two-pronged approach"of *Twombley*.  First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions.

---

[2] Rule 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

-4-

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949, citing *Twombly*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]'–'that the pleader is entitled to relief.'

129 S.Ct. at 1950 (internal citations omitted).

### III.   ANALYSIS

### A.   Exhausted Claims Against CMS and Dr. Stevenson

Present Defendants argue that some, if not all of the claims against them should be dismissed based on Plaintiff's failure to exhaust his administrative remedies. *Defendant's Brief* at 7-13, *Docket #35*. Defendants note that of the nine grievances filed by Plaintiff between September 23, 2007 and September 8, 2010, only one names CMS and only two name Dr. Stevenson. *Id.* at 8-13.

The MDOC Policy Directive in force at the time of these events (effective 7/09/07) states that at Step One of the grievance procedure, the grievant must includes "[d]ates, times, places, and names of all those involved in the issue being grieved." P.D. 03.02.130(R).

### 1.   CMS

A review of Plaintiff's Step One submissions shows that CMS was mentioned only once. A May 11, 2008 Step One grievance names CMS, faulting it for providing inadequate treatment for left hip and leg numbness, balance problems, and constipation:

> Received medications without a firm diagnosis. Received some economical testing (e.g., x-rays, MRIs, etc.) but not the 'whole body bone scan' recommended by Dr. Parikh at Foote Hospital, ... follow-up EMG . . . [or] specialized back test. . .

JCF-08-05-0785-12D1, *Defendants' Exhibit B, Att. 2.*

As such, Plaintiff has exhausted a claim against CMS only as to the above allegations.[3]

---

[3] This claim was exhausted through all three steps of the MDOC grievance procedure.

**2. Dr. Stevenson**

Of the nine grievances completed over the pertinent time frame, Dr. Stevenson was named at Step One in only two instances. On March 1, 2009 Plaintiff submitted a Step One grievance, complaining that Dr. Stevenson declined to approval steroid injections but instead, ordered x-rays ("that showed nothing significant"), blood work, and prescribed Vitamin D. This grievance was taken through all three steps of the MDOC procedure. JFC-09-03-0441-12D4, *Defendants' Exhibit B, Atts. 3, 5.* This claim is exhausted.

References to Dr. Stevenson in a March 11, 2010 grievance state only that he had prescribed estrogen for Plaintiff the previous October. NRF-10-03-168-12z, *Defendants' Exhibit B, Att. 10.* This grievance cannot be construed to state that Dr. Stevenson failed to provide her adequate treatment.

Thus, the exhausted claim against Dr. Stevenson is limited to allegations that he refused to approve steroid injections and more generally, did not provide Plaintiff with adequate care for his back condition for the period ending March 1, 2009. JFC-09-03-0441-12D4.

The Plaintiff's allegations that Dr. Stevenson later refused to approve her request for injections, prescribed "experimental drugs," failed to follow up with migraine treatment, and failed to schedule a colonoscopy, *Complaint* at ¶¶51-53, 56-57, are *not* exhausted.

**B. The Exhausted Claims are Subject to Dismissal under Fed. R. Civ. P. 12(b)(6)**

To summarize, the following claims have been exhausted:

<u>CMS</u>: Eighth Amendment claim based on inadequate treatment for hip and leg numbness, balance, and constipation.

<u>Dr. Stevenson</u>: Eighth Amendment claim based on inadequate care for back condition for the period ending March 1, 2009.

The exhausted claims against these two Defendants pertain exclusively to Plaintiff's allegations of deliberate indifference to her serious medical conditions. Under the Eighth and Fourteenth Amendments, prison officials may not act with deliberate indifference to the medical needs of their prisoners. *Estelle v. Gamble,* 429 U.S. 97, 103-104; 97 S.Ct. 285, 50 L.Ed.2d 251

(1976). A deliberate indifference claim has two components, one objective and the other subjective. *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Comstock v. McCrary,* 273 F.3d 693, 702 (6th Cir. 2001). Under the objective component, "the plaintiff must allege that the medical need at issue is 'sufficiently serious.'" *Id.* Under the subjective component, "the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id.*

Deliberate indifference to medical needs may be established by showing an interruption of a prescribed plan of treatment, or a delay in medical treatment. *Estelle v. Gamble, supra; Caldwell v. Moore*, 968 F.2d 595, 602 (6th Cir. 1992). However, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860, n.5 (6th cir. 1976). *See also Sanderfer v. Nichols*, 62 F.3d 151, 154 (6th Cir. 1999), citing *Estelle v. Gamble, supra*, 97 S.Ct. at 292 ("Deliberate indifference, however, does not include negligence in diagnosing a medical condition").

On June 1, 2011, I issued a Report and Recommendation, recommending that the District Court deny Plaintiff's motion for a temporary restraining order ("TRO") [Dock. #4]. *Dock. #48*. In finding that Plaintiff had not demonstrated a strong likelihood of success on the merits of the deliberate indifference claims, I found as follows as to claims against Dr. Stevenson:

> While the complaint in this case does allege some delays in recommended treatment, it shows that the Plaintiff was examined on a number of occasions, and did receive treatment, albeit not that which the Plaintiff wanted. The complaint also portrays a disagreement as to the appropriate mode of treatment, not only between the Plaintiff and Dr. Stevenson, but between Dr. Stevenson and Dr. Rawls. The Plaintiff alleges . . . that Dr. Rawls recommended epidural steroid block injections to treat the back pain. *Complaint* ¶ 28, and in fact, [s]he received an injection in June of 2008. *Id.* ¶ 35. About six months later, Plaintiff was seen by Dr. Stevenson. Plaintiff states that [s]he "was not impressed" when seen by Dr. Stevenson. In any event, Dr. Stevenson treated the Plaintiff's chronic constipation with suppositories and magnesium citrate. *Id*. ¶¶ 40, 53. However, Dr. Stevenson apparently disagreed with Dr. Rawls' recommendation of epidural steroid block injections, and instead treated the Plaintiff's back pain with medication, specifically vitamin D-3 and Pamelor. *Id* ¶¶ 42, 51. ¶That . . . Plaintiff disagrees with the course of treatment offered by Dr. Stevenson, or that Drs. Stevenson and Rawls had different approaches to treating the

Plaintiff's back pain, does not amount to deliberate indifference, and at most would raise a state tort law question of medical negligence. *Sanderfer v. Nichols, supra.*

*Dock. #48* at 3-4.

Although the District Court granted Plaintiff additional time to file objections to this R&R, Plaintiff has not disputed these findings. For the same reasons discussed in my previous R&R, the surviving claim states no more than a claim of medical negligence against Dr. Stevenson, and is therefore subject to dismissal under Fed. R. Civ. P. 12(b)(6).

Likewise, Plaintiff's exhausted grievance against CMS shows that she was prescribed medication and underwent multiple imaging studies. Plaintiff's acknowledgment that she received *some* form of treatment on numerous occasion for his alleged conditions warrants dismissal of the claims against CMS.

### C.   The Unexhausted Claims

Pursuant to 42 U.S.C. § 1997e(a) and *Freeman v. Francis, supra*, all remaining unexhausted claims must be dismissed without prejudice.

### IV.   CONCLUSION

For the above stated reasons, I recommend that Motion to Dismiss [Doc. #35] be GRANTED, and that the two exhausted Eighth Amendment claims–one against CMS and one against Dr. Stevenson–be DISMISSED WITH PREJUDICE. I further recommend that all remaining unexhausted claims be DISMISSED WITHOUT PREJUDICE pursuant to 42 U.S.C. § 1997e(a).

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

-8-

Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


                              s/R. Steven Whalen
                              R. STEVEN WHALEN
                              UNITED STATES MAGISTRATE JUDGE

Dated: August 12, 2011


_____

### CERTIFICATE OF SERVICE

I hereby certify on August 12, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on August 12, 2011: **Jami Naturalite.**

                              s/Michael E. Lang
                              Deputy Clerk to
                              Magistrate Judge R. Steven Whalen
                              (313) 234-5217