UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMI NATURALITE, #185660

        Plaintiff,        CIVIL NO. 10-13564

                            District Judge Mark A. Goldsmith
-v-                             Magistrate Judge R. Steven Whalen

GREGORY FORNER, ET AL.,

        Defendants.
_____/

## ORDER

Before the Court is Plaintiff Jami Naturalite's Motion for Relief from the May 13, 2011 Order Granting Defendants' Motion to Revoke Plaintiff's In Forma Pauperis Status and Rescinding the Order Directing Marshal's Service [Doc. #58]. Plaintiff purports to bring this motion under Fed.R.Civ.P. 60(b). That Rule, however, applies to final judgments and orders. This Court's May 13, 2011 Order was interlocutory. I will therefore construe Plaintiff's motion as a motion for reconsideration.

After the Defendants' filed their motions to revoke Plaintiff's IFP status, I ordered the Plaintiff to show cause why IFP status should not be revoked pursuant to the three-strikes provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g).[1] Plaintiff's response to the show cause order [Doc. #42] discussed the "imminent danger" exception to the three-strikes provision, but attached a notice that the filing fee had been paid, and

---

[1] § 1915(g) provides that a plaintiff is precluded from proceeding IFP, without prepayment of the filing fee, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless he can demonstrate that he is "under imminent danger of serious physical injury." Plaintiff does not contest the fact that he has had three previous cases dismissed.

-1-

specifically asked the Court to "find that defendants' motions are moot given the fact that the filing fee has been paid in full...." *Response to Show Cause Order*, 4. Likewise, in his response to the underlying motions [Doc. #38], at 2, Plaintiff states, "Since the balance of the filing fee has been remitted to the Clerk, defendants' motions are MOOT and thus should be DENIED."

Plaintiff thus concedes that the IFP question is a non-issue because he in fact paid the filing fee. The correct remedy, then, was to *grant* the motions to revoke IFP status, not deny them as moot. It makes no sense to have an IFP order in place when the fee has been paid in full. I also note that in my original order granting IFP status [Doc. #6], I directed an initial payment of $116.83, and subsequent monthly payments from Plaintiff's prison account until the balance of $350 was paid. The balance has now been paid.

Moreover, Plaintiff's argument that he falls within the "imminent danger" exception to the three-strikes rule is without merit. "To fall within this statutory exception to the three strikes rule, a prisoner must allege that the threat or prison condition is 'real and proximate' and the danger of serious physical injury must exist at the time the complaint is filed." *Richards v. Spain,* 2012 WL 163809, *1 (E.D.Mich. 2012)(Tarnow, J.) , citing *Abdul–Akbar v. McKelvie,* 239 F.3d 307, 313 (3d Cir.2001) (en banc); *see also Pointer v. Wilkinson*, 502 F.3d 369, 371, fn. 1 (6th Cir. 2007). On January 5, 2012, this Court denied Plaintiff's motion for a temporary restraining order ("TRO"), stating that "neither the complaint nor Naturalite's TRO arguments establish that she would be irreparably harmed should the TRO not be granted." *Opinion and Order* [Doc. #90], at 6. If Plaintiff has not shown "irreparable harm" for purposes of a TRO, he has perforce failed to show that he faces "imminent danger" under the PLRA. Thus, the Defendants' motion to revoke IFP status would be granted regardless of whether the filing fee was paid.

Under E.D. Mich. Local Rule 7.1(h)(3), a party who moves for reconsideration of an order "must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." Plaintiff Naturalite has not met that standard, and his motion [Doc. #58] is therefore DENIED.

IT IS SO ORDERED.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: January 30. 2012


The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on January 30, 2012.

Jami Naturalite, #185660
Ryan Correctional Facility
17600 Ryan Rd
Detroit, MI 48212-1155

s/Johnetta M. Curry-Williams
Case Manager