UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMI NATURALITE, #185660                     Case No. 10-13564

        Plaintiff,                     District Judge Mark A. Goldsmith
v.                                           Magistrate Judge R. Steven Whalen

GREGORY FORNER, ET AL.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

On September 8, 2010, Plaintiff Jami Naturalite, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil complaint under 42 U.S.C. § 1983. Before the Court is a motion to dismiss [Doc. #53] filed by Defendant Prison Health Services, Inc. ("PHS"). The motion has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion to dismiss be GRANTED.

        **I.   FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, an MDOC prisoner currently housed at the Ryan Correctional Facility, filed suit on September 8, 2010 pursuant to 42 U.S.C. § 1983, alleging various constitutional violations by the Michigan Department of Corrections ("MDOC") and MDOC staff; Correctional Medical Services ("CMS") and Dr. Vernon Stevenson; and CMS's successor, Prison Health Services ("PHS").

The Plaintiff's allegations against PHS are sparse, and involve a claim of deliberate indifference to her serious medical needs, in violation of the Eighth Amendment. He states at ¶ 43 of the Complaint that "[o]n or about February 10, 2009...PHS assumed the MDOC's health care system, and [Defendant] Stevenson became

employed by them."[1] At ¶ 141, he states, "There is no medical professional within the MDOC, nor within PHS, INC, who are trained and qualified to treat patients with GID [gender identity disorder]." In the "Relief" section of the Complaint, at p.33, ¶ 8, Plaintiff states, "PHS, INC, starting February 10, 2009, and continuing to this very day, has been, and continues to be, deliberately indifferent to plaintiff's serious medical needs."

Two other Defendants, Dr. Vernon R. Stevenson and CMS, filed a motion to dismiss on January 24, 2011. On August 12, 2011, I filed a Report and Recommendation ("R&R") [Doc. #55] finding that all claims against Dr. Stevenson were unexhausted, and thus subject to dismissal without prejudice under 42 U.S.C. § 1997e(a), except for one: an Eighth Amendment claim based on inadequate care for back condition for the period ending March 1, 2009. This was, of course, before PHS came on the scene a month later. I recommended that this exhausted claim be dismissed with prejudice because Plaintiff had at most stated a claim of medical negligence, not Eighth Amendment deliberate indifference.

On January 5, 2012, District Judge Mark A. Goldsmith accepted and adopted in part my R&R, as follows:

> "As the Court has denied Naturalite's objections to the R&R, it will be adopted, with the exception that the claims that the R&R dismissed with prejudice will be dismissed without prejudice. Should Naturalite not file and serve a proper motion to amend, including the attachment of a proposed amended complaint within 30 days, the dismissal will be converted to a dismissal with prejudice." *Opinion and Order* [Doc. #90], at 10.

In his Opinion and Order [Doc. #90], Judge Goldsmith also adopted my separate R&R [Doc. #48] and denied Plaintiff's motion for a temporary restraining order ["TRO"]. Judge Goldsmith noted that I had neglected in my R&R to discuss the Plaintiff's claim

---

[1] In its motion, PHS states, and Plaintiff does not dispute, that it took over from CMS on April 1, 2009, not February 10, 2009.

that she did not did not receive adequate treatment for GID. However, he reviewed that claim *de novo*, and concluded that Plaintiff was unlikely to prevail on the merits. Specifically, the Opinion and Order states, at p. 5, fn. 4, "The significant point is that, on the current state of the record, Naturalite has not established the subjective component of the deliberate indifference standard."

Although more than 30 days have elapsed since Judge Goldsmith's Opinion and Order, the Plaintiff has not filed an amended complaint addressing either inadequate care for her back condition or alleged deliberate indifference to her GID.

## II.  STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In two recent cases, the United States Supreme Court altered the standard for determining whether a complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(6). In In *Bell Atlantic Corp. V. Twombley*, 550 U.S 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2),[2] held that although a complaint need not contain detailed factual allegations, its "[f]actual

---

[2] Rule 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

-3-

allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, 127 S.Ct. at 1964-65 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 1974.

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*.[3] First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown"–'that the pleader is entitled to relief.'" 129 S.Ct. at 1950 (Internal citations omitted).

### III. DISCUSSION

#### A. Respondeat Superior Liability

Defendant PHS argues that it is not liable for any alleged constitutional violations

---

[3] *Twombley* was an antitrust case. *Iqbal* was a prisoner civil rights case. In any event, it is clear that the *Iqbal* standard is applicable to all 12(b)(6) motions.

of its employees or agents under a theory of *respondeat superior.* In *Monell v. Department of Social Services.,* 436 U.S. 658, 692 (1978) the Supreme Court specifically held that in a §1983 action, liability cannot be based on a theory of *respondeat superior*, or mere supervisory liability. *See also Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984)(at a minimum, a §1983 plaintiff must show that a supervisory official at least impliedly authorized, approved and knowingly acquiesced in the unconstitutional conduct of the offending subordinate). Corporate or institutional liability may "also be premised on some policy that caused a deprivation of [Plaintiff's] Eighth Amendment rights." *Starcher v. Correctional Medical Services*, 7 Fed.Appx. 459, 465 (6th Cir. 2001).

In the present case, the closest that Plaintiff comes in her complaint to alleging a PHS policy is her claim that PHS does not employ any medical professionals "who are trained and qualified to treat patients with GID." Presumably, she implies that the absence of such specialists would permit a trier of fact to find that PHS had a policy of not treating GID, and this is why she did not receive appropriate treatment for that condition. That line of reasoning, however, leads to an implausible conclusion. PHS, like its predecessor CMS, is the equivalent of a primary care provider for prison inmates. This Court can take notice, based on hundreds of CMS cases that have been filed, that where consultation with or treatment by a specialist is indicated, a referral is authorized. For example, CMS or PHS may not employ orthopedic surgeons or neurosurgeons, but this does not mean that PHS has a policy of not treating orthopedic or neurological conditions. Rather, it refers inmates to those specialists if deemed necessary. And Plaintiff has not alleged any facts showing that PHS has a policy of not referring GID patients to appropriate specialists.

While Plaintiff alleges that Defendant Dr. Stevenson was employed by PHS, I note

that the only exhausted claim against Dr. Stevenson has now been dismissed with prejudice. In any event, under *Monell*, claims against Stevenson cannot be attributed to PHS on a *respondeat superior* theory.

Finally, Plaintiff's claim that PHS "has been, and continues to be, deliberately indifferent to plaintiff's serious medical needs" is merely conclusory, and does not state a plausible claim for relief under the *Iqbal* standard.

### B.   Deliberate Indifference

PHS also argues that Plaintiff has not stated a plausible claim for relief as to the substantive Eighth Amendment issue. A deliberate indifference claim has two components, one objective and the other subjective. *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Comstock v. McCrary,* 273 F.3d 693, 702 (6th Cir. 2001). Under the objective component, "the plaintiff must allege that the medical need at issue is 'sufficiently serious.'" *Id.* Under the subjective component, "the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id.*

As to the Plaintiff's claim that he did not receive constitutionally adequate treatment for GID, Judge Goldsmith's Opinion and Order denying the motion for TRO [Doc. #90] stated as follows, at 4-5:

> "With regard to likelihood-of-success factor, Naturalite has not shown a strong likelihood of success. In particular, there is thus far a lack of a showing that Naturalite's GID claim meets the 'subjective' component of the deliberate indifference standard, i.e., that 'the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." 2009). One potential way a plaintiff can establish the subjective component is by showing an interruption of a prescribed plan of treatment. Sanderfer v. Nichols, 62 F.3d 151, 154 n.5 (6th Cir. 1995). The best potential argument

> Naturalite has in this vein is that a prescribed plan of treatment was interrupted when her hormone therapy was started, but then stopped. However, the evidence does not bear out the understanding that this circumstance amounts to the Defendants knowingly disregarding a substantial risk to Naturalite.  The attachments to the complaint do show two months of hormone prescriptions for Naturalite, see prescriptions (Dkt. 1 at 50), which Naturalite asserts were subsequently stopped. However, the attachments contain no documents diagnosing Naturalite with GID or showing a need for hormones related to GID. In fact, the single document submitted by Naturalite addressing the issue of a diagnosis specifically states that, as of 2004, Naturalite had been evaluated by psychological services on several occasions and 'ha[s] repeatedly been found not to meet the diagnostic criteria for gender identity disorder.' See 1/29/04 letter by Chief Medical Officer Pramstaller (Dkt. 1 at 49).* Accordingly, Naturalite has not made a strong showing of likelihood of success.
>
> * ...The significant point is that, on the current record, Naturalite has not established the subjective component of the deliberate indifference standard.

The Plaintiff was given the opportunity to seek leave to amend his complaint within 30 days of the Court's January 5, 2012 Opinion and Order, i.e., to plead additional facts that would support a plausible claim for relief as to Dr. Stevenson's treatment of her back condition, or the alleged deliberate indifference to her GID. She did not do so. Thus, the record at this point is unchanged from what it was in January. That is, it does not plausibly establish the subjective component of the deliberate indifference standard.

### IV.   CONCLUSION

For these reasons, I recommend that PHS's motion to dismiss [Doc. #53] be GRANTED, and the complaint DISMISSED WITH PREJUDICE as to PHS.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985);

*Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: February 28, 2012

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on February 28, 2012.

Jami Naturalite, #185660
Ryan Correctional Facility
17600 Ryan Rd
Detroit, MI 48212-1155

s/Johnetta M. Curry-Williams
Case Manager