UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMI NATURALITE,

    Plaintiff,

                                    Civil Action No. 10-CV-13564

vs.                                         HON. MARK A. GOLDSMITH

GREGORY FORNER, et al.,

    Defendants.
_____/

**OPINION AND ORDER (1) DENYING PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME, OR ALTERNATIVELY, TO STAY PROCEEDINGS (DKTS 94 & 95), (2) ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION CONCERNING PLAINTIFF'S "MOTION FOR RELIEF FROM THE MAY 13, 2011, ORDER" (DKT. 91), (3) ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION CONCERNING DEFENDANT PHS'S MOTION TO DISMISS (DKT. 92), (4) ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION CONCERNING DEFENDANTS NEVAI, MDOC, CARUSO, STRAUB, STIEVE, GILBERT, SCUTT, BARRETT, FORNER, JOHNSON, LANGLEY, DYER, LAMB, FURLONG, PALMER, NORDER, MADERY, AND LONG'S MOTION FOR SUMMARY JUDGMENT (DKT. 93), AND (5) CONVERTING THE PRIOR DISMISSAL WITHOUT PREJUDICE OF THE CLAIMS AGAINST DEFENDANTS CMS AND STEVENSON TO A DISMISSAL WITH PREJUDICE**

**I.    Introduction**

Before the Court are three reports and recommendations (R&Rs) issued by Magistrate Judge R. Steven Whalen (Dkts. 91, 92, & 93), along with the related motions. Also before the Court is Plaintiff Jami Naturalite's motion for an enlargement of time, or alternatively, to stay proceedings. Dkts. 94 & 95.[1] For the reasons set out below, the Court denies Plaintiff's motion,

---

[1] This motion was submitted in duplicate, and is thus listed on the docket twice.

accepts and adopts the R&Rs concerning the three pending motions, and grants the pending motion to dismiss (Dkt. 53) and motion for summary judgment (Dkt. 54) by various Defendants.

Plaintiff Jami Naturalite, a prison inmate in the custody of the Michigan Department of Corrections (MDOC), filed suit against numerous defendants for alleged constitutional violations, primarily related to her medical treatment while in custody.  See Compl. (Dkt. 1). The Court has previously considered motions in this case and, on January 5, 2012, issued an order (i) denying Naturalite's motion for a temporary restraining order, and (ii) dismissing without prejudice the claims against Defendants CMS and Stevenson, so long as Naturalite sought leave to amend the complaint within 30 days, otherwise the dismissal would be converted to a dismissal with prejudice.  See Opinion and Order (Dkt. 90).  Naturalite did not seek leave to amend within the 30-day period.

## II.     Motion for Enlargement of Time/to Stay Proceedings

In addition to the expiration of the time period in which Naturalite was permitted to seek amendment, the time period in which Naturalite was permitted to object to the Magistrate Judge's three R&Rs, the last of which was filed on March 2, 2012, has expired.  See 28 U.S.C. § 636(b)(1).

On March 16, 2012, Naturalite filed a motion requesting at least 90 more days to submit her request to amend and objections, or alternatively, to stay the proceedings in the case to an unspecified date.  Dkt. 94.  Naturalite explains her request as follows:

> The January 5, 2012, Opinion and Order by this Honorable Court sent plaintiff into a downward spiral of severe depression teetering on whether she should take her own life or castrate herself and risk bleeding to death since everyone wants to ignore her serious medical needs, being Gender Identity Disorder.
>
> Friday, 9 March 2012, Facility Psychologist K. SOLGOT called plaintiff out whereby SOLGOT referred plaintiff not only to the Psychiatrist for an updated GID evaluation to supplement those evaluations of 2005 and 2007, both of which

>diagnosed plaintiff as having GID, but also referred plaintiff to become part of the facility's Community Mental Health Outpatient Treatment Program in an effort to treat plaintiff's severe depression.
>
>Psychologist SOLGOT suggested that plaintiff start anti-depressant drugs in an effort to bring plaintiff back to the side of wanting life and treatment for her GID rather than committing suicide or risk bleeding to death from self-castration.
>
>It is hoped that this Honorable Court will give plaintiff at least 90 days to effect and submit her amended complaint as well as her objections, thereby giving [her] individual therapy and psychotrophic medications a chance to work before proceeding further in this matter, or in the alternative, STAY proceedings in this matter until such time that plaintiff is psychologically able to represent herself in this matter.

Dkt. 94.

Defendants CMS and Stevenson filed a response opposing Naturalite's request.  Dkt. 96.

After having carefully reviewed the motion and response, the Court will deny the motion. Although Naturalite does not specify any particular authority governing her motion, the filing is probably best understood as a request to extend time pursuant to Federal Rule of Civil Procedure 6(b).  The Rule provides that:

>(1)  In General.  When an act . . . must be done within a specified time, the court may, for good cause, extend the time:
>
>>(A)  . . . if a request is made before the original time or its extension expires; or
>>
>>(B)  on motion made after the time has expired if the party failed to act because of excusable neglect.

Thus, a request to extend time that is made before the relevant time period has expired may be granted for good cause.  A request to extend time that is made after the relevant time period has expired may be granted if the party failed to act due to excusable neglect.  "The excusable neglect standard has consistently been held to be strict, and can be met only in extraordinary cases."  Turner v. City of Taylor, 412 F.3d 629, 650 (6th Cir. 2005).  A finding of "excusable

3

neglect" involves balancing five (5) factors, including: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filling party acted in good faith." Nafziger v. McDermott Int'l. Inc., 467 F.3d 514, 522 (6th Cir. 2006). A district court has "broad discretion to grant or deny an extension." Charles Alan Wright, Arthur R. Miller, at al., 4B Federal Practice and Procedure § 1165 (3d ed. 2011).

For the reasons set out below, the Court concludes that (i) Naturalite has failed to show good cause to extend the time period with regard to the time periods that had not yet expired at the time she filed her request, and (ii) Naturalite has failed to demonstrate excusable neglect with regard to the time periods that had expired at the time she filed her request.

As a preliminary matter, the Court notes that Naturalite has offered absolutely no evidence in support of her assertions concerning these issues. The motion content is just over one full double-spaced page, with no attachments or supplements. Setting aside the lack of evidentiary support, the Court still finds it implausible that its January 5, 2012 opinion was the catalyst for, as Naturalite states it, her "downward spiral of severe depression" related to her lack of sufficient treatment for Gender Identity Disorder (GID). Naturalite has argued at numerous times during this litigation about the impact of her GID and her alleged failure to receive treatment for it. By her own account, she has faced the same set of challenges throughout the course of this case. Thus, the Court is skeptical of Naturalite's assertion that her condition deteriorated upon receiving the Court's January 2012 opinion. The Court's skepticism is also supported by the fact that, even by Naturalite's own account, there is no indication that she sought treatment for her January 2012 deterioration until after a significant delay. The first fact

Naturalite mentions in support of her severe medical problems, which allegedly began in January 2012, is her March 9, 2012 visit to the facility psychologist. Thus, Naturalite's own account does not support the conclusion that she has been incapable of participating in the case since receiving the Court's January 5, 2012 opinion. Accordingly, the Court finds that the factors of (i) reasons for delay, (ii) whether the delay was in the reasonable control of the moving party, and (iii) whether Naturalite acted in good faith, weigh in favor of denying the motion.

Even if the Court were to take Naturalite at her word that, beginning with the issuance of the opinion, she experienced depression and considered self-harm, she did not take any action to protect her rights in light of her deteriorating condition. Naturalite knew as of the Court's January 5, 2012 opinion that she had 30 days in which to seek to amend her complaint. To the extent that Naturalite's condition was going to make it difficult or impossible to seek timely amendment, she could have informed the Court immediately, rather than wait over two months before contacting the Court, well after the deadline had passed. Similarly, as soon as she received notice of the three pending R&Rs (filed on January 30, 2012, February 28, 2012, and March 2, 2012, respectively), she was aware of her obligation to object within fourteen days. Instead, Naturalite waited until the objection period had expired for one of the R&Rs and nearly passed as to two of the R&Rs before seeking an extension.[2] In short, Naturalite's delay casts doubt on the truthfulness of the statements contained in her enlargement motion and demonstrates lack of diligence in seeking such relief. Accordingly, the Court finds that length-of-delay considerations weigh in favor of denying the motion.

The Court also concludes that granting Naturalite's request would be impractical. Naturalite asks the Court to put the case on hold for "at least" 90 days, or until "such time that plaintiff is psychologically able to represent herself in this matter." The basis of this request is

---

[2] The instant motion was signed by Naturalite on March 13, 2012. Dkt. 94.

that the additional time will give Naturalite's medications an opportunity to work and improve her condition. However, Naturalite's own account entails only the March 9, 2012 suggestion by a psychologist that she "start anti-depressant drugs." Even taking Naturalite at her word, there is no indication that Naturalite has started taking any new medication, or has even been scheduled to take new medication at any particular point in the future. Thus, Naturalite offers no concrete information (asserted or otherwise) that she has begun or will begin the treatment that forms the basis of her motion. Further, Naturalite offers the Court no indication when she might be "psychologically able to represent herself." In light of this, the Court understands Naturalite's motion as one inviting the Court to delay the progress of this case, with no practical end date for the delay, nor any clear criteria for reinstating the matter. Doing so would be untenable from a case management standpoint, and also unfair to Defendants, who seek dismissal of claims by way of dispositive motions pending since August 2011. Accordingly, the factors of (i) potential impact of the delay on judicial proceedings, and (ii) danger of prejudice to the nonmoving party, weight in favor of denying the motion.

For these reasons, the Court denies Naturalite's motion to extend time, or to stay the case. The Court now turns to the pending motions.

## III.   Pending Motions

Aside from the motion discussed above, there are three pending motions before the Court, all of which have been considered by the Magistrate Judge, who has issued an R&R related to each motion. First is a motion to dismiss filed by Defendant PHS (Dkt. 53), which the R&R recommends should be granted (Dkt. 92). Second is a motion for summary judgment by Defendants Nevai, Michigan Department of Corrections, Caruso, Straub, Stieve, Gilbert, Scutt, Barrett, Forner, Johnson, Langley, Dyer, Lamb, Furlong, Palmer, Norder, Madery, and Long

(Dkt. 54), which the R&R recommends should be granted (Dkt. 93).[3]  Third is Naturalite's motion "for relief from" the Court's May 13, 2011 order granting Defendants' motion to revoke Naturalite's in forma pauperis status (Dkt. 58), which the R&R recommends should be denied (Dkt. 91).

Plaintiff has not filed objections to any of the R&Rs and the time in which she was permitted to do so has expired.  Thus, Plaintiff has waived any further right to appeal.  Thomas v. Arn, 474 U.S. 140, 155 (1985).  In any event, the Court has reviewed the R&Rs and finds that the Magistrate Judge has reached the correct result for the correct reasons.  Therefore, the Court accepts and adopts the three R&Rs as the findings and conclusions of the Court.

## IV.   Conclusion

For the foregoing reasons, the Court orders as follows:

- Naturalite's motion to extend time, or to stay the case (Dkts. 94 & 95) is denied.

- The Magistrate Judge's R&R concerning Naturalite's "Motion for Relief from the May 13, 2011, Order" (Dkt. 91) is accepted and adopted.  The motion (Dkt. 58) is denied.

- The Magistrate Judge's R&R concerning Defendant PHS's motion to dismiss (Dkt. 92) is accepted and adopted.  The motion (Dkt. 53) is granted.

- The Magistrate Judge's R&R concerning Defendants Nevai, MDOC, Caruso, Straub, Stieve, Gilbert, Scutt, Barrett, Forner, Johnson, Langley, Dyer, Lamb, Furlong, Palmer, Norder, Madery, and Long's motion for summary judgment (Dkt. 93) is accepted and adopted.  The motion (Dkt. 54) is granted.  Specifically, all claims are dismissed with prejudice, with the exception of the failure-to-protect claim against Defendants Forner, Barrett, Langley, and Gilbert, which are dismissed without prejudice for failure to exhaust administrative remedies.

- Because Naturalite did not seek leave to amend within the time period set by the Court's prior order, the Court converts its prior dismissal without prejudice with regard to the claims against Defendants CMS and Stevenson to a dismissal with prejudice.

---

[3] Specifically, the R&R recommends that all claims be dismissed with prejudice, with the exception of the failure-to-protect claim against Defendants Forner, Barrett, Langley, and Gilbert, which the R&R recommends should be dismissed without prejudice for failure to exhaust administrative remedies.  Dkt. 93 at 1.

SO ORDERED.

Dated:  March 26, 2012                             s/Mark A. Goldsmith
           Flint, Michigan                                  MARK A. GOLDSMITH
                                                                      United States District Judge

## CERTIFICATE OF SERVICE

     The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 26, 2012.

                                                                      s/Deborah J. Goltz
                                                                      DEBORAH J. GOLTZ
                                                                      Case Manager