THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMI NATURALITE,

       Plaintiff,                           Civil Action No.
                                                  10-CV-13564

vs.

                                                  HON. MARK A. GOLDSMITH

GREGORY FORNER, et al.,

       Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT (DKT. 99) AND DENYING PLAINTIFF'S MOTION FOR IMMEDIATE CONSIDERATION AND SPECIAL RELIEF (DKT. 107)**

## I.    INTRODUCTION

Plaintiff, a prisoner proceeding pro se, brought this case under 42 U.S.C. § 1983. The complaint (Dkt. 1) raised a number of claims against Defendants working for the Michigan Department of Corrections ("MDOC") relating principally to alleged deliberate indifference to Plaintiff's medical needs, in violation of her Eighth Amendment rights, by discontinuing hormonal therapy treating Plaintiff's Gender Identity Disorder ("GID") (Compl. ¶¶ 128-155).

The following motions are now before the Court:

- Plaintiff's motion to alter or amend (Dkt. 99) the Court's Opinion and Order terminating the case (Dkt. 97). Three response briefs were filed: (i) by Defendants Barrett, Caruso, Dyer, Forner, Furlong, Gilbert, Johnson, Lamb, Langley, Long, Madery, MDOC, Nevai, Norder, Palmer, Scutt, Stieve, Straub (Dkt. 101); (ii) by Defendant PHS, Inc. (Dkt. 102); and (iii) by Defendants CMS, Inc. and Stevenson (Dkt. 103). Plaintiff filed three reply briefs, one for each response.

- Plaintiff's motion for immediate consideration and special relief (Dkt. 107), which seeks relief from (i) the denial of her motion for appointment of counsel (Dkt. 47) and (ii) the Court's Opinion and Order (Dkt. 90) denying injunctive relief. A response brief was

1

filed by Defendants Barrett, Caruso, Dyer, Forner, Furlong, Gilbert, Johnson, Lamb, Langley, Long, Madery, MDOC, Nevai, Norder, Palmer, Scutt, Stieve, and Straub (Dkt. 112).

In the instant motions, Plaintiff seeks relief from the following previously-issued Opinions and Orders:

1) Dkt. 97, Opinion and Order:

   - Accepting and adopting Magistrate Judge R. Steven Whalen's report and recommendation (Dkt. 91) that recommended denying Plaintiff's motion for relief (Dkt. 58) from an order revoking Plaintiff's in forma pauperis status (Dkt. 44);

   - Accepting and adopting Magistrate Judge Whalen's report and recommendation (Dkt. 92) that recommended granting Defendant Prison Health Services, Inc.'s ("PHS") motion to dismiss (Dkt. 53);

   - Accepting and adopting Magistrate Judge Whalen's report and recommendation (Dkt. 93) that recommended granting the motion for summary judgment (Dkt. 54) filed by Defendants Forner, Nevai, MDOC, Caruso, Straub, Stieve, Gilbert, Scutt, Barrett, Johnson, Langley, Dyer, Lamb, Furlong, Palmer, Norder, Madery, and Long;

   - Denying Plaintiff's motion (Dkts. 94 & 95) for enlargement of time to file an amended complaint and objections to the R&Rs or, alternatively, to stay proceedings;

   - Converting the prior dismissal without prejudice of the claims against Defendants Correctional Medical Services ("CMS") and Stevenson (Dkt. 61) to a dismissal with prejudice;

   - And terminating the case.

2) Dkt. 90, Opinion and Order accepting and adopting Magistrate Judge Whalen's report and recommendation (Dkt. 48) that recommended denying Plaintiff's motion for injunctive relief (Dkt. 4).

For the reasons set forth below, the Court denies Plaintiff's motions.

## II. BACKGROUND

The background facts have been set out in detail in the prior Opinions issued in this case. Plaintiff's new motions, however, describe some occurrences subsequent to the issuance of the

2

last Opinion and Order (Dkt. 97) and present some additional documents.

In 2005, Plaintiff was seen by a psychologist, Bruce R. Wright, at the request of Plaintiff's therapist, to assess the appropriateness of diagnosing her with GID. 2005 Psychological Report, attached to Pl. Mot. to Alter or Amend (Dkt. 99, 10-12 of 50 (CMECF pagination)). The psychological report lists a diagnosis of GID. Id. at 12 of 50. The report also notes that the clinical data and available information regarding Plaintiff generally supports finding the two factors indicative of GID: (i) strong and persistent gender cross-identification, and (ii) clinically significant distress in important areas of function. Id. at 11 of 50. In 2007, Dr. Wright again saw Plaintiff, and noted that his psychological report from this session confirmed the earlier diagnosis of GID. 2007 Psychological Report, attached to Pl. Mot. to Alter or Amend (Dkt. 99, 13-14 of 50).

In 2010, Plaintiff sent a letter to Chief Judge Gerald Rosen with a request to provide Plaintiff with a copy of the Court's Pro Bono Attorney List. Chief Judge Rosen sent a letter in response that stated in part, "[Y]ou must have a case pending in our Court and the Judge assigned to the case must make a determination that the case merits a request for representation by a pro bono attorney . . . . [s]ince you do not have a case presently pending I find no action is possible." Letter, August 3, 2010, Ex. B to Plaintiff's motion for immediate consideration and special relief (Dkt. 107, at 51 of 72 (CMECF pagination)).

In April and May of 2012, Plaintiff received prescriptions for Premarin, a female hormonal drug, from her psychologist Vindhya Jayawardena. Prescriptions, Ex. B to Plaintiff's supplemental brief (Dkt. 108 at 15 of 31 (CMECF pagination)). On June 14, 2012, Plaintiff's Premarin order was discontinued in an MDOC communication indicating there was no approval for use of Premarin. MDOC Kite Response June 14, 2012, Ex. D to Plaintiff's supplemental

brief (Dkt. 108, 19 of 31 (CMECF pagination)). Plaintiff also alleges that Chief Psychologist Mark Levine does not let Plaintiff meet weekly with a psychotherapist, although there is no evidence in the record regarding this. Pl. Supp. Br. at 9 (Dkt. 108).[1]

### III. ANALYSIS

#### A. Motion to Alter or Amend Judgment (Dkt. 99)

Plaintiff's motion seeks for the Court to alter or amend its prior Opinion and Order (Dkt. 97) denying Plaintiff's motion for enlargement of time to file an amended complaint and dismissing the case. Federal Rule of Civil Procedure 59(e) provides for a motion to alter or amend a judgment. A court may alter or amend a judgment based on: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Leisure Caviar, LLC v. U.S. Fish and Wildlife Serv., 616 F.3d 612, 615 (6th Cir. 2010) (citations and quotation marks omitted). A district court has "considerable discretion" in deciding whether to grant a motion to alter or amend a judgment. Id.

Plaintiff contends that this Court's Opinion and Order (Dkt. 97) should be altered or amended for several reasons. First, Plaintiff argues that the Opinion erroneously characterized Magistrate Judge Whalen's denial of Plaintiff's motion for reconsideration (Dkt. 91) as a report and recommendation, when it was in fact an order. Pl. Mot. at 2 (Dkt. 99). Second, Plaintiff contends that the lack of legal authority in her motion for enlargement of time was due to her severe depression, and that the Court, which construed this motion under Federal Rule of Civil

---

[1] Plaintiff filed two declarations of facts and attached multiple other exhibits to her motions, but none of the facts alleged or documents attached, other than those discussed above, occurred since the last Opinion of this Court or are relevant to the motions filed. In the declarations of facts, Plaintiff describes (among other things) her history of emotional and mental difficulties, relationship with her mother, and descriptions of her life in prison. The documents attached include "kites" (prison memoranda) regarding grievances filed by Plaintiff in the past and news reports on sexual assault in prisons.

Procedure 6(b), should also have considered whether the motion could be brought under Federal Rules of Civil Procedure 15(a)(2) and 60(b)(6). Id. at 3-4.

Third, Plaintiff argues that this Court "took the side of defendants that plaintiff had never been diagnosed with gender identity disorder," which Plaintiff contends violated the Court's duty to fairly handle Plaintiff's complaint. Id. at 4. Plaintiff refers to the 2005 and 2007 psychological reports she attached to her motion, but noted that she did not attach these documents to her prior pleadings and filings, since she found them in her prison storage lockers after the Court's Opinion. Id. at 4-5.

Fourth, Plaintiff argues that her pro se status suffices to show good cause for enlargement of time under Rule 6(b), as pro se plaintiffs should not be held to the same standard as attorneys. Id. at 6-7. Fifth, Plaintiff contends that, to the extent she has to demonstrate excusable neglect in her motion for enlargement of time, she has met that burden by showing that she had a mental condition (severe depression) that prevented her from amending her complaint in the 30-day time frame allowed by the court. Id. at 7-8.

Defendants Barrett, Caruso, Dyer, Forner, Furlong, Gilbert, Johnson, Lamb, Langley, Long, Madery, MDOC, Nevai, Norder, Palmer, Scutt, Stieve, and Straub filed a response brief (Dkt. 101), in which they contend that Plaintiff's motion to alter or amend should be denied because: (i) Plaintiff never asserts that the Court's judgment was based on a clear error of law, and mere disagreement with the decision does not suffice to show "clear error;" (ii) Plaintiff does not present any newly discovered evidence, because the psychological reports were not newly discovered, but only newly submitted; (iii) Plaintiff presents no intervening change in controlling law; and (iv) Plaintiff does not assert that the Opinion must be altered to prevent manifest injustice. MDOC Resp. Br. at 1-3.

5

Plaintiff filed a reply (Dkt. 104) to MDOC's brief, in which Plaintiff contends: (i) Plaintiff's motion need not fit squarely within the four factors enumerated in Rule 59(e), because Plaintiff seeks to have this Court rectify its mistakes in the Opinion, Rep. Br. at 1-2; and (ii) Plaintiff's motion gives the Court new data which should lead the Court to alter its prior analysis, id. at 3-4.

Defendant PHS also filed a response brief (Dkt. 102), which incorporates the arguments in the MDOC Defendants' response brief and further contends that the matters asserted in Plaintiff's motion to alter or amend do not have legal effect on the Court's decision to grant PHS's motion to dismiss based on Plaintiff's inability to pursue a claim of vicarious liability. PHS Resp. Br. at 2-3. Plaintiff filed a reply (Dkt. 105) arguing that it does not matter why the Court dismissed the claims against PHS, because the only question is whether the Court abused its discretion in its Opinion. Rep. at 1.

Defendants CMS and Stevenson also filed a response brief (Dkt. 103), in which they argue that Plaintiff has provided the Court with no basis to alter or amend its judgment. CMS Resp. Br. at 3. Defendants contend that Plaintiff's brief does not reference the legal standard for altering or amending an opinion, does not state why Plaintiff satisfied that standard, and only suggests a disagreement with the Court's opinion, which is not sufficient. Id. Defendants also contend that, because the psychological reports were in Plaintiff's possession throughout litigation, they are not newly discovered evidence. Id. at 4. Defendants also argue that Plaintiff points to no intervening change in law or any error in the Court's reasoning or procedure that would cause manifest injustice if not corrected. Id. at 5. Finally, Defendants argue that Plaintiff's motion restates prior arguments, such as the argument that Plaintiff's depression made her unable to file a timely motion. Id. at 6. Plaintiff filed a reply (Dkt. 106) in which she

contends that the Court did not exercise any discretion in denying Plaintiff's motion for leave to amend her complaint.

The Court concludes that Plaintiff's arguments lack merit. As an initial matter, and as the various Defendants contend in their briefs, Plaintiff never lays out the standard for granting motions to alter or amend, and never explains which, if any, of the four factors courts consider applies to her claims. Furthermore, the Court has carefully reviewed the motion papers, and concludes that none of the Rule 59(e) factors is applicable.

The first factor is whether the prior Opinion made a "clear error of law." The Court concludes that none of Plaintiff's arguments shows that the prior Opinion made a clear error of law. Plaintiff's first argument, that this Court mistakenly referred to Magistrate Judge Whalen's Order (Dkt. 91, denying the motion for relief from revocation of in forma pauperis status) as a report and recommendation, makes no difference in the outcome of this case, for several reasons: (i) the Order has legal effect regardless of whether it was an order or a report and recommendation that was accepted; and (ii) Plaintiff paid the filing fee, so the issue of whether Plaintiff may proceed in forma pauperis is moot. See Order at 2-3 (Dkt. 91).

Plaintiff's next argument is that the Court should have considered whether her motion for enlargement of time could be brought under Rules 15(a)(2) or 60(b)(6). Rule 15(a)(2) states, "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 60(b)(6) states, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . . (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The Court concludes that it

7

did not make a clear error in construing the motion for enlargement of time as a Rule 6(b) motion.

Rule 15(a)(2) is inapplicable to Plaintiff's motion for enlargement of time because, while it provides for a party to amend its pleadings upon leave of the Court, this Court already granted Plaintiff leave to amend within 30 days under Rule 15.  Opinion and Order at 10 (Dkt. 90).  The problem is that Plaintiff did not timely file an amended complaint.  Plaintiff's motion for enlargement of time is therefore properly viewed, not as a second Rule 15 motion to amend, but as a motion for "extending time" under Rule 6(b).

Furthermore, the Court rejects Plaintiff's argument that her motion should have been considered under Rule 60(b)(6).  A Rule 60(b)(6) motion for relief from judgment applies only in "exceptional or extraordinary circumstances," Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund, 249 F.3d 519, 524 (6th Cir. 2001), typically requiring that a party is "faultless" in the delay, Pioneer Investment Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 393 (1993).  The Court's rationale in rejecting Plaintiff's motion under Rule 6(b) would also mandate rejection under the stricter standard of 60(b)(6).

Under Rule 6(b), a motion to extend time may be granted if there was "good cause" for the delay, or if the delay was the result of "excusable neglect."  Fed. R. Civ. P. 6(b).  In the Opinion denying Plaintiff's motion, the Court concluded that Plaintiff demonstrated neither good cause nor excusable neglect.  Opinion at 4 (Dkt. 97).  Plaintiff's only argument as to why this Court erred in not finding good cause for delay of Plaintiff's motion is that Plaintiff is pro se.  However, Plaintiff presents no support as to why a pro se status constitutes good cause.  Plaintiff cites Haines v. Kerner, 404 U.S. 519 (1972), but this case is inapplicable.  In Haines, the Supreme Court concluded that pro se plaintiffs should not be held to the same standard as

8

attorneys for the purposes of evaluating pleadings on a motion to dismiss. 404 U.S. at 520-521. The Haines Court does not discuss whether a plaintiff's pro se status constitutes good cause for delay for the purposes of evaluating a motion for enlargement of time.

Furthermore, Plaintiff's contention that she meets the excusable neglect standard for delay only restates her prior argument that her severe depression incapacitated her from filing timely amendments and objections. However, a Rule 59(e) motion is not a vehicle for rehashing arguments already presented to the Court. Whitehead v. Bowen, 301 F. App'x 484, 489 (6th Cir. Nov. 18, 2008); Plasterers Local 67 Pension Trust Fund, et al. v. Niles Group, Ltd., No. 06-12216, at 3 of 3 (E.D. Mich. May 1, 2007) (attached as Ex. A to Def. CMS Resp. (Dkt. 103-1)).

In sum, the Court concludes that Plaintiff's arguments only demonstrate disagreement with this Court's Opinion. None of Plaintiff's arguments suffices to demonstrate a clear error on the part of this Court. See Plasterers Local at 3 of 3 ("although Defendant disagrees with the court's interpretation of OCP I and OCP II, it has not demonstrated that the court has committed a 'clear error of law.'"). Because Plaintiff has not shown a "clear error" on the part of the Court, the prior Opinion may not be altered or amended based on the first Rule 59(e) factor.

The second Rule 59(e) factor is whether the plaintiff presented "newly discovered evidence" that would weigh toward altering or amending a past opinion. "To constitute 'newly discovered evidence,' the evidence must have been previously unavailable." GenCorp, Inc. v. American Intern. Underwriters, 178 F.3d 804, 834 (6th Cir. 1999). Here, although Plaintiff presents some psychological reports diagnosing her with GID, these reports are not "newly discovered evidence," because those reports were previously available to Plaintiff. In fact, she admits that they were stored in her lockers. Therefore, they were only "newly submitted evidence, not newly discovered evidence." Whitehead, 301 F. App'x at 489.

9

Finally, as Defendants contend, Plaintiff never argues that there was an intervening change in law or a need to rectify manifest injustice -- the final two factors that may support altering or amending a judgment under Rule 59(e). For all of these reasons, Plaintiff does not demonstrate that any of the four factors allowing a Court to alter or amend a judgment is present. Therefore, Plaintiff's motion to alter or amend judgment (Dkt. 99) is denied.

### B. Motion for Immediate Consideration and Special Relief (Dkt. 107)

Plaintiff's motion for immediate consideration and special relief (Dkt. 107) seeks (i) relief from the denial (Dkt. 47) of her motion for appointment of counsel, and (ii) relief from the denial (Dkt. 90) of her motion for a preliminary injunction and temporary restraining order.

Plaintiff's motion recites her efforts to obtain counsel,[2] and Plaintiff argues that this Court should reconsider the Magistrate Judge's denial of Plaintiff's request for appointment of counsel, or "[i]n the alternative, this Honorable Court should at least appoint counsel for the limited purposes of handling the instant motion." Mot. at 5.

Plaintiff also argues that the denial of her motion for injunctive relief should be reconsidered at this stage of the proceedings. Id. at 6. Plaintiff contends that, although some of her medical needs have been addressed, "that does not mean that the defendants are still not liable for the deliberate indifference that plaintiff had to undergo until those serious medical needs were adequately addressed by subsequent medical personnel." Id. Plaintiff argues that the MDOC officials are not providing her required treatment for GID, and that failure to treat for GID states a claim. Id. at 6-7. Plaintiff seeks to resume her female hormonal treatment, id. at 7, and begin weekly psychotherapy sessions (possibly with a GID specialist). Id. at 8.

---

[2] Plaintiff wrote a letter to Chief Judge Rosen requesting a list of Pro Bono Attorneys and contacted several attorneys herself. Mot. at 3-4 (Dkt. 107).

10

Defendants Barrett, Caruso, Dyer, Forner, Furlong, Gilbert, Johnson, Lamb, Langley, Long, Madery, MDOC, Nevai, Norder, Palmer, Scutt, Stieve, and Straub filed a response brief (Dkt. 112). Defendants contend that the motion should be construed as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). Def. Resp. at 2. Defendants further argue that (i) Plaintiff never asserts that the Court's orders were a result of mistake, inadvertence, surprise, or excusable neglect, and (ii) Plaintiff never asserts that there exists newly discovered evidence. Id. Defendants contend that Plaintiff's motion does not assert any grounds that could lead to relief under Rule 60(b).

The Court agrees with Defendants that Plaintiff's motion seems to seek relief under Rule 60(b). Although Plaintiff's motion seeks "reconsideration" of the Court's prior orders, Pl. Mot. at 3, 5 (Dkt. 107), a motion for reconsideration must be filed "within 14 days after the entry of the judgment or order." E.D. Mich. LR 7.1(h)(1). Because Plaintiff filed her motion approximately five months after the entry of this Court's Opinion and Order, the Court will construe the motion as a motion for relief from a final judgment under Rule 60(b). See Fed. R. Civ. P. 60(c) ("A motion under Rule 60(b) must be made within a reasonable time . . . no more than a year after the entry of the judgment or order or the date of the proceeding.").

Rule 60(b) provides for relief from a final judgment for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4) the judgment is void;

11

>   (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>   (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A district court may deny a motion for relief brought under Rule 60(b) when the motion seeks to relitigate issues already considered and decided by the court. Barnes v. Clinton, 57 F. App'x 240, 241 (6th Cir. 2003).

As an initial matter, the Court notes that, to the extent Plaintiff challenges the June 1, 2011, Order (Dkt. 47) denying Plaintiff's motion for appointment of counsel, Plaintiff's motion does not suffice to seek relief under Rule 60(b) – both because the instant motion was filed more than a year after the entry of the Order, and because the Order was not a "final judgment." Regardless, the Court finds that Plaintiff's arguments for relief from this Order lack merit. A district court has discretion to decide whether to appoint counsel for an indigent civil litigant, and appointment of counsel in a civil case is justified only by exceptional circumstances. Lavado v. Keohane, 992 F.2d 601, 604-606 (6th Cir. 1993). Moreover, in this district, prisoner plaintiffs bringing deliberate indifference claims routinely handle the matters without counsel. See Turbin v. Secure Care, No. 10-14449, 2012 WL 706449, at *5 (E.D. Mich. Mar. 5, 2012). Therefore, the Court will deny Plaintiff's motion to the extent she seeks relief from the Order denying appointment of counsel.

The Court also rejects Plaintiff's motion for relief from the Opinion and Order accepting and adopting the Magistrate Judge's denial of Plaintiff's motion for injunctive relief (Dkt. 90). The Court first notes that "[a] denial of a preliminary injunction is not a 'final judgment . . . .'" Adams v. City of Chicago, 135 F.3d 1150, 1153 (7th Cir. 1998). Therefore, Plaintiff may not seek relief from the Opinion denying preliminary injunctive relief under Rule 60(b). The Court

12

further concludes, however, that Plaintiff's arguments fail on the merits, because they do not suffice to raise any grounds for relief.

The Opinion concluded that Plaintiff did not make a strong showing of likelihood of success because "the attachments contain no documents diagnosing Naturalite with GID or showing a need for hormones related to her GID." Opinion at 5. As stated above, Plaintiff did provide some documents in the instant motions demonstrating that she was diagnosed with GID. However, as discussed above, these documents were not "newly discovered," but only newly submitted, and therefore they cannot serve as a basis for relief under Rule 60(b)(2). Furthermore, to the extent that Plaintiff argues she is not being adequately treated for GID and that Plaintiff should be given female hormonal therapy and counseling, those arguments were already presented in Plaintiff's motion for injunctive relief (Dkt. 4, at p. 2). Plaintiff's raising those arguments now constitutes an attempt to relitigate points already considered and rejected by the Court. The Court will not grant the motion for relief on those grounds.

Finally, Plaintiff cites several cases from other district courts that considered similar factual situations and granted injunctive relief to those plaintiffs.[3] While these cases reaffirm the

---

[3] The cases cited by Plaintiff are <u>Gammett v. Idaho State Bd. of Corrections</u>, No. 5-257-S-MHW, 2007 WL 2186896 (D. Idaho July 27, 2007) and <u>Kosilek v. Maloney</u>, 221 F. Supp. 2d 156 (D. Mass. 2002).

- In <u>Gammett</u>, 2007 WL 2186896, at **2-3, the court considered the plaintiff's motion for injunctive relief under the alternative standard of granting a preliminary injunction where there are serious questions going to the merits, and the balance of hardships tips sharply in the moving party's favor. The court concluded that the plaintiff, who was diagnosed with GID, attempted suicide, and castrated himself, had a likelihood of proving the necessary facts at trial to prevail on the issue that current medical providers ignored his serious medical needs by denying hormonal therapy. <u>Id.</u> at 13. The court noted that there was nothing in the record indicating the defendants provided adequate psychotherapy or counseling to address GID, and the defendant seemed to have consciously disregarded this issue. <u>Id.</u> at 13-14. The court also held that the balance of hardships tipped sharply in favor of the plaintiff, because untreated GID is a life-threatening mental condition. <u>Id.</u>

13

seriousness of GID, the cases do not suffice to raise an issue of mistake, inadvertence, surprise, newly discovered evidence, fraud, or any other grounds for Rule 60(b) relief.

Furthermore, the Court notes that these cases – which are not binding precedent on this Court – are distinguishable. In Gammett, the court applied an alternative test for evaluating preliminary injunction motions, whereas this Court, in evaluating Plaintiff's motion, applied the standard four-part test often utilized by the Sixth Circuit. See, e.g., Bays v. City of Fairborn, 668 F.3d 814, 818 (6th Cir. 2012) ("A district court must balance four factors when considering a motion for a preliminary injunction"). In Kosilek, the court concluded that there was no deliberate indifference on the part of prison officials and did not grant injunctive relief; therefore, this case does not directly support Plaintiff's motion for injunctive relief. Although these cases establish that different courts have used different approaches to evaluate prisoners' claims of deliberate indifference regarding treatment for GID, the cases do not provide a basis for granting relief from this Court's Opinion (Dkt. 90).

In conclusion, Plaintiff has raised no arguments establishing that she is entitled to relief on grounds of "mistake, inadvertence, surprise, or excusable neglect;" "newly discovered

---

    at 15-16. The court noted that the defendants were administering hormonal therapy to other inmates in the facility. The court ordered the defendants to provide female hormonal therapy and psychotherapy. Id. at 17.

- In Kosilek, the court concluded that the treatment plans a prison adopted for an inmate with GID did not meet the inmate's serious medical need for hormonal treatment. 221 F. Supp. at 185. However, the court concluded that the plaintiff did not prove that the defendant prison officials acted out of deliberate indifference or were likely to be deliberately indifferent to his serious medical needs in the future. Id. at 193. Therefore, the court did not issue an injunction, but stated that, "at a minimum, Kosilek should receive genuine psychotherapy from, or under the direction of, someone qualified by training and experience to address a severe gender identity disorder." Id.

evidence," fraud, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Therefore, the Court denies Plaintiff's motion for immediate consideration and special relief (Dkt. 107).

## IV. CONCLUSION

For the reasons stated above, the Court denies Plaintiff's motion to alter or amend judgment (Dkt. 99) and denies Plaintiff's motion for immediate consideration and special relief (Dkt. 97).

SO ORDERED.

Dated: January 15, 2013　　　　　　　　　　s/Mark A. Goldsmith
　　　　Flint, Michigan　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 15, 2013.

　　　　　　　　　　　　　　　　　　　　s/Deborah J. Goltz
　　　　　　　　　　　　　　　　　　　　DEBORAH J. GOLTZ
　　　　　　　　　　　　　　　　　　　　Case Manager