UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMI NATURALITE,

    Plaintiff,                                      Case No. 10-cv-13564

vs.                                                  HON. MARK A. GOLDSMITH

GREGORY FORNER, et al.,

    Defendants.
_____/

**OPINION & ORDER
(1) OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 131), (2) ADOPTING THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Dkt. 130), AND (3)
DENYING PLAINTIFF'S MOTIONS FOR RELIEF FROM JUDGMENT (Dkts. 124, 126)**

This matter is presently before the Court on the Report and Recommendation (R&R) of Magistrate Judge R. Steven Whalen, issued on January 12, 2018 (Dkt. 130). In the R&R, the Magistrate Judge recommends that the Court deny Plaintiff Jami Naturalite's motions for relief from judgment (Dkts. 124, 126). Naturalite subsequently filed objections to the R&R (Dkt. 131); Defendants have not filed a response. For the reasons that follow, the Court overrules Naturalite's objections, adopts the R&R, and denies Naturalite's motions for relief from judgment.

**I. LEGAL STANDARD**

The Court reviews de novo those portions of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(1). However, "a general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

1

## II. ANALYSIS

The Court can discern two related objections from Naturalite's filing: (i) the Magistrate Judge erred when he did not allow Naturalite to supplement her motions, and (ii) when he failed to compel Defendants to file a response to the motions. The Court concludes that these objections lack merit.

Naturalite filed a motion for relief from judgment on March 9, 2017 (Dkt. 126), followed by a second motion for relief from judgment based on newly discovered evidence on April 4, 2017 (Dkt. 126). On January 10, 2018, she sent a letter to the Magistrate Judge and to this Court expressing her concern that the Magistrate Judge had not yet issued the R&R addressing her pending motions. She requested that the Court allow her thirty days to supplement the motions "because many events have happened since they were filed." See 1/10/2018 Letter. Two days later, the Magistrate Judge entered his R&R, in which he recommends denial of Naturalite's motions for relief from judgment.

Naturalite does not identify the events that occurred subsequent to the filings of her motions. Even if she did, new events cannot serve as the basis for a motion for relief from judgment. Federal Rule of Civil Procedure 60(b) provides that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;

> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

"[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." Info–Hold, Inc. v. Sound Merchandising, Inc., 538 F.3d 448, 454 (6th Cir. 2008) (citations omitted).

While Rule 60(b)(1) allows a party relief from judgment where evidence is newly discovered, nowhere does it state that the rule can be used to litigate new, post-judgment events. The Magistrate Judge made this point while addressing Naturalite's first motion for relief from judgment (Dkt. 124). That motion is based on the alleged removal of her wheeled walker by prison officials, an event that occurred in October 2016, over four years after judgment was entered in this case. As with the alleged removal of her walker, Naturalite's only remedy for any wrongdoing that occurred after the filing of her motions for relief from judgment "is to pursue the matter through the MDOC grievance procedure . . . and file a new cause of action." See R&R at 8.

Naturalite also objects to the Magistrate Judge's failure to order Defendants to respond to the motions for relief from judgment. She alleges that by not compelling Defendants to file a response, the Magistrate Judge "assumed the roles of both Defense Attorney and Magistrate Judge . . . and, in doing so, Plaintiff was denied her fair and equitable day in court." Obj. at 7. Naturalite provides no basis for this assertion. A review of the R&R demonstrates that the Magistrate Judge correctly concluded that Naturalite was not entitled to relief. As noted above, her first motion is meritless because it is premised on events that occurred well after judgment was entered. The second motion, based on a letter from the Southern Poverty Law Center, also did not provide any grounds for relief. As discussed in the R&R, the letter cannot be considered newly discovered

evidence of anything; it merely states that Defendant Michigan Department of Corrections is willing to discuss its policy concerning transgender inmates. Ordering a response from Defendants would not have aided the decision-making process.[1]

### III. CONCLUSION

For the foregoing reasons, the Court overrules Naturalite's objections (Dkt. 131), adopts the Magistrate Judge's report and recommendation (Dkt. 130), and denies Naturalite's motions for relief from judgment (Dkts. 124, 126).

SO ORDERED.

Dated: March 9, 2018　　　　　　　　　　　　　s/Mark A. Goldsmith
　　　Detroit, Michigan　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge


**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 9, 2018.

　　　　　　　　　　　　　　　　　　　　　　　s/Karri Sandusky
　　　　　　　　　　　　　　　　　　　　　　　Case Manager

---

[1] In her filing, Naturalite also alleges that the undersigned is biased because of his prior state judicial service. The entirely speculative nature of this claim notwithstanding, an objection to an R&R is not an appropriate vehicle through which to raise a claim of judicial bias.

4